Patricia **HARRIS**, Plaintiff–Appellee,

v.

**BLUE CROSS BLUE SHIELD, OF MISSOURI**, Defendant–Appellant,

**Comprehensive Health Benefits Program for Employees of Bridge Information Systems, Inc.**, Defendant.

Nos. 93–1079, 93–1116.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 15, 1993.

Decided June 18, 1993.

---

Keith Rabenburg, St. Louis, MO, argued (Clark H. Cole and Ann E. Buckley, on the brief), for defendant-appellant.

S. Sheldon Weinhaus, St. Louis, MO, argued, for plaintiff-appellee.

Before MCMILLIAN, JOHN R. GIBSON, and MAGILL, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Blue Cross Blue Shield of Missouri appeals from an order granting a preliminary injunction and enjoining it from denying coverage to Patricia Harris for high-dose chemotherapy with bone marrow transplantation or peripheral stem cell re-infusion for treatment of her metastatic breast cancer. The district court [1] held that Blue Cross had amended its plan effective August 1, 1992, specifically excluding coverage for Harris' treatment. Nevertheless, the district court ordered coverage, concluding that Harris demonstrated a probability of success on the merits of her claim that Blue Cross violated 29 U.S.C. § 1022(a)(1) (1988) [2] because the cover letter and information sheet accompanying the amendment may have been misleading. The court further held that the proposed treatment offered the only possibility of long-term control or care for Harris, and Harris had thus demonstrated irreparable harm and a strong public interest in granting injunctive relief. Blue Cross appeals, arguing that we should vacate the preliminary injunction because there was no evidence that Harris relied on the language which the court found to be misleading. We conclude that the appeal from the preliminary injunction is moot, and remand for trial on the merits.

Harris' husband was employed by Bridge Information Systems, Inc., which provided health benefits insurance under Blue Cross Blue Shield of Missouri. Harris was diagnosed with metastatic breast cancer, and her oncologist recommended that she receive high-dose chemotherapy with bone marrow transplantation or stem cell re-infusion. She applied for pre-authorization of this treatment. Blue Cross denied coverage stating that the treatment was excluded from coverage as "investigational care." Blue Cross received additional information from Harris' physician, agreed to allow the first phase of the recommended treatment, but maintained that the remaining four phases of the treatment were investigational and not covered. Harris' attorney protested Blue Cross' denial of benefits to the Blue Cross Blue Shield (ERISA) Appeals Committee. In the meantime, Harris learned that Blue Cross was contending that it had amended the Group Enrollment Agreement and Membership Certificate so as to specifically exclude coverage for high-dose chemotherapy with bone marrow transplantation or stem cell re-infusion for the treatment of breast cancer. As time was of the essence, Harris filed a mo-

---

1. The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

2. 29 U.S.C. § 1022(a)(1) provides:
 A summary plan description of any employee benefit plan shall be furnished to participants and beneficiaries as provided in section 1024(b) of this title. The summary plan description shall include the information described in subsection (b) of this section, shall be written in a manner calculated to be understood by the average plan participant, and shall be sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan. A summary of any material modification in the terms of the plan and any change in the information required under subsection (b) of this section shall be written in a manner calculated to be understood by the average plan participant and shall be furnished in accordance with section 1024(b)(1) of this title.

tion for injunctive relief without waiting for the Appeal Committee's final decision.

The district court held a hearing and found that in late June 1992 Blue Cross had delivered to Bridge Information the amendment excluding coverage for high-dose chemotherapy for the treatment of breast cancer, a letter to the group administrator explaining the amendment, and an information sheet to be distributed to covered employees. *Harris v. Blue Cross Blue Shield*, No. 92–CV–2427, slip op. at 4–5 (E.D.Mo. Dec. 15, 1992). The district court held that the amendment met the requirements of the Group Enrollment Agreement and the Membership Certificate, but that its validity depended upon compliance with ERISA, which requires that any material modification to the terms of a plan be "written in a manner calculated to be understood by the average plan participant." *Id.* at 8 (quoting 29 U.S.C. § 1022(a)(1)). The district court scheduled a second hearing for the next day to consider this issue. *Id.* at 9.

After the second hearing, the district court enjoined Blue Cross from denying coverage for Harris' treatment. *Harris v. Blue Cross Blue Shield*, No. 92–CV–2427 (E.D.Mo. Dec. 18, 1992). Under the principles of *Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109, 114 (8th Cir.1981), the court first considered whether Harris was likely to prevail on the merits. The court rejected Blue Cross' argument that the amendment did not constitute a "material modification" subject to the requirement of section 1022(a)(1). Slip op. at 2 (Dec. 18, 1992). The court held that Blue Cross' representations in the letter to the group administrator and information sheet that the amendment did not change benefits coupled with the omission of the legal controversies surrounding the exclusion may have been misleading and, therefore, in violation of section 1022(a)(1). *Id.* at 2–3. The court then considered whether Blue Cross' decision that the treatment was excluded as investigational care under the Membership Certificate was arbitrary and capricious under *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). The court held that Harris demonstrated a probability of success on the merits with respect to this issue because there was a question as to whether Blue Cross adequately examined the body of medical evidence about this treatment for breast cancer. Slip op. at 5–6 (Dec. 18, 1992).

Blue Cross appeals the district court's holding that Harris was likely to prevail on the claim that the amendment violated section 1022(a)(1) because the cover letter and information sheet sent by Blue Cross were misleading. Blue Cross argues that there was no evidence that Harris relied on or even saw the cover letter or information sheet. Blue Cross' fallback argument is that the letter was not misleading because its statement that the plan benefits were unchanged reflected Blue Cross' long-standing position that the plan never covered high-dose chemotherapy under the investigational care exclusion of the policy. Blue Cross does not appeal the district court's ruling with respect to the investigational care exclusion.

At the outset, we must consider whether Blue Cross' appeal from the preliminary injunction is moot. At argument, Harris submitted a statement from her oncologist, Dr. Barbra A. Horn, saying that Harris had completed her treatment with high-dose chemotherapy with peripheral stem cell support, and had been discharged from the hospital. Dr. Horn also stated that if the cancer recurred, Harris would not be a candidate for further high-dose chemotherapy.

 The district court ordered injunctive relief to prevent the denial of coverage for treatment of a life threatening illness. We entertain no question but that irreparable injury existed at the time the district court ordered the preliminary injunction. Nevertheless, Harris has now received the treatment, and she is not a candidate for repeat treatment. The issue has become one of money damages, and this issue may be considered on remand at trial. In *Clark v. K–Mart Corp.*, 979 F.2d 965, 969 (3d Cir. 1992), the Third Circuit dismissed an appeal from a preliminary injunction in circumstances almost identical to those here. As the appeal before us is from a preliminary injunction, we conclude that the issues are

moot, and the case must be remanded for trial on the merits.

Nevertheless, because we are remanding, it is appropriate that we make a few observations. One of the issues vigorously contested by the parties is whether the amendment is written in a manner that could be commonly understood. *See* 29 U.S.C. § 1022(a)(1). Though we need not decide this issue here, we have held that to secure relief on the basis of a faulty summary plan description[3] the claimant must show some significant reliance on or possible prejudice flowing from the summary. *See, e.g., Maxa v. John Alden Life Ins. Co.*, 972 F.2d 980, 984 (8th Cir. 1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1048, 122 L.Ed.2d 357 (1993); *Anderson v. Alpha Portland Indus., Inc.*, 836 F.2d 1512, 1520 (8th Cir.1988), *cert. denied,* 489 U.S. 1051, 109 S.Ct. 1310, 103 L.Ed.2d 579 (1989); *Lee v. Union Elec. Co.*, 789 F.2d 1303, 1308 (8th Cir.), *cert. denied,* 479 U.S. 962, 107 S.Ct. 460, 93 L.Ed.2d 406 (1986). In this case, the district court made no finding that Harris relied on the amendment to the plan. Indeed, Harris did not allege in her complaint that she or her husband relied on the amendment or that they had even seen it. These issues may be considered on remand if they are raised and the district court deems them material.

Harris cross-appeals and raises a number of other claims as additional support for the order of the court. In view of our disposition of the case, it is unnecessary that we consider these arguments. The district court may consider these arguments at trial on the merits.

We dismiss this appeal as moot, and remand for trial on the merits.

---

3. Although the cited cases concern summary plan descriptions and the document distributed here was a summary of material modifications, both must be written in a manner calculated to be understood by the average plan participant. 29 U.S.C. § 1022(a)(1).