Suzanne **HALEY**, Ruth V. **Verbal**, Barbara J. **Scott**, James H. **Watson**, Nadine **Jones**, Joy **King**, Robert **Matthews**, Deborah **Allen** and A. Joshua **Ehrlich**, Plaintiffs–Appellees,

v.

George E. **PATAKI**, as Governor of the State of New York, and the State of New York, Defendants–Appellants.

No. 2149, Docket 95–7437.

United States Court of Appeals, Second Circuit.

Argued May 30, 1995.

Decided July 19, 1995.

Victoria A. Graffeo, Sol. Gen., State of N.Y., Albany, NY (Dennis C. Vacco, Atty. Gen. of the State of N.Y., Michael C. Finnegan, Counsel to the Governor, Peter H. Schiff, Deputy Sol. Gen., Frank K. Walsh, Asst. Atty. Gen., State of N.Y., Albany, NY, of counsel), for appellants.

G. Oliver Koppell, New York City (Kenneth J. Munnelly, Dan Drachler, Zwerling, Schachter, Zwerling & Koppell, New York City, of counsel), for appellees.

Edward J. Groarke, James A. Brown, John W. Dunne, Colleran, O'Hara & Mills, Garden City, NY, for amicus curiae New York State AFL–CIO.

Before MESKILL, McLAUGHLIN, and LAY,[*] Circuit Judges.

MESKILL, Circuit Judge:

George E. Pataki, Governor of the State of New York, appeals from a preliminary injunction entered by the United States District Court for the Northern District of New York, McAvoy, *C.J.*, requiring him to include all legislative employees, including appellees, in interim appropriations bills. We dismiss the appeal as moot and vacate the preliminary injunction in light of Governor Pataki's compliance therewith. Accordingly, we do not address the substantive issues presented by this appeal.

## BACKGROUND

Appellees, nine employees of the State Legislature of New York, work either on an annual basis or for the duration of a legislative session and receive bi-weekly salaries pursuant to New York State Finance Law § 200. Unfortunately, appellees were thrust into the middle of a political dispute between the Governor and the State Legislature. After assuming office on January 1, 1995, Governor Pataki warned the Legislature to pass a budget by April 1, 1995. He declared that if the Legislature failed to do so he would, among other things, refuse to take the steps necessary to pay members of the Legislature as well as legislative employees.

This threat carried particular force because of New York's funding structure. The state government operates on a financial year that ends on March 31, and under section 40 of New York's State Finance Law all appropriations for a given fiscal year expire on that date. If the Legislature does not approve the annual budget by March 31, Article VII, § 5 of the New York State Constitution states that the Legislature may not consider any other appropriations bill "except on message from the governor certifying to the necessity of the immediate passage of such a bill." N.Y. Const. art. VII, § 5. Thus, once a budget fails to pass by April 1, the governor effectively controls the payment of state employees by issuing certificates of necessity.

The parties agree that in the past, when the Legislature failed to enact a budget prior to the start of a new fiscal year, governors routinely submitted interim appropriations bills to pay the bi-weekly salaries of state employees. On April 13, 1995, after the 1994 financial year ended without a new budget in place, Governor Pataki likewise submitted an interim appropriations bill to pay the salaries of state employees for the March 23–April 5 pay period. While this bill included appropriations for the salaries of almost all executive and judicial employees, true to Governor Pataki's previous threat, the bill excluded all legislative employees except library staff, nurses and messengers. Appellees are among the legislative employees not covered, and thus they were not paid for their work during the March 23–April 5 pay period and in subsequent pay periods. The omission did not affect appellees' seniority rights, health

---

[*] Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation.

insurance, retirement or other benefits, but it suspended appellees' salaries indefinitely.

Appellees brought suit in the district court on April 24, 1995, contending that Governor Pataki effectively prevented payment of their salaries by refusing to issue a certificate of necessity for an interim appropriation bill providing for such payment. As a result, appellees allege that Governor Pataki and the state violated their rights against impairment of contracts under Article I, section 10 of the federal Constitution, the Equal Protection and Due Process Clauses of the New York and federal Constitutions, section 200 of New York's State Finance Law, and the separation of powers doctrine. Appellees' complaint seeks payment for their services from April 1, 1995, injunctive and declaratory relief, and attorney's fees.

Appellees moved for a preliminary injunction on filing their complaint, and the district court granted the motion on May 3, 1995. In its memorandum of decision the district court first dismissed all claims against the State of New York and all state-law claims against the Governor as barred by the Eleventh Amendment, and allowed appellees' federal claims against the Governor in his official capacity. The court rejected Governor Pataki's contention that the State Legislature was at fault because it was free to add additional provisions relating to all legislative employees in appellees' situation to the appropriations bills it had already passed. The district court then concluded that appellees had established a sufficient showing of irreparable harm, given that any future federal suit to recover retrospective monetary damages would be barred by the Eleventh Amendment. The court held that there was a high likelihood that appellees could prove that Governor Pataki's refusal to submit an appropriations bill providing payment for their salaries, or to submit a certificate of necessity for such a bill from the Legislature, violated their rights under the Contract Clause.

The preliminary injunction entered by the district court required "that insofar as the Governor undertakes to send future appropriations bills and messages of necessity to the legislature for the payment of state workers, he may not exclude payment to legislative employees from such bills." The injunction further required the Governor to allocate a portion of the funds derived from such bills to the salaries of legislative employees. The Governor appealed, moved in the district court for a stay of the order on May 4, and on May 8 the court denied the stay. The Governor then included all legislative employees in an interim appropriations bill for the May 9, 1995 institutional payroll, which included an appropriation for 13 days' retroactive pay (April 1–19). The Governor also sought a stay of the injunction in this Court on May 9, and a prior panel denied the stay but ordered the appeal expedited in its decision on May 16. The Governor meanwhile had submitted a second bill for the May 15, 1995 administration payroll which also included retroactive payment for the salaries of legislative employees for the period April 20 to May 3. In subsequent interim appropriations bills the Governor continued to include all legislative employees, and there is no dispute that the Governor remained in full compliance with the injunction until the signing of the 1995 Budget on June 8, 1995.[1] Governor Pataki thereby ended the 1995 budgetary dispute with the State Legislature and provided funding for all legislative employees for the remainder of the fiscal year.

## DISCUSSION

▮ We have little difficulty deciding that Governor Pataki's appeal is now moot. An appeal becomes moot "when the issue[ ] presented [is] no longer live or the parties lack a legally cognizable interest in the outcome," *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982) (per curiam) (quotation omitted), and the Governor's compliance with the injunction removed the issue disputed in this appeal. While an appeal "does not become moot sim-

---

**1.** We are normally limited in our review to those facts developed in the district court. Nonetheless, because mootness is a jurisdictional issue, we may receive other facts relevant to that ques-

tion. *See Johnson v. New York State Educ. Dep't*, 409 U.S. 75, 93 S.Ct. 259, 34 L.Ed.2d 290 (1972) (per curiam); *In re Chateaugay Corp.*, 988 F.2d 322, 325 (2d Cir.1993).

ply because a court order redressing the alleged grievance has been obeyed," *County of Los Angeles v. Davis*, 440 U.S. 625, 643, 99 S.Ct. 1379, 1389, 59 L.Ed.2d 642 (1979) (Powell, J., dissenting), it is axiomatic that there must be a continuing controversy capable of redress by this Court. *See Cook v. Colgate Univ.*, 992 F.2d 17, 19 (2d Cir.1993). Because the relief sought by appellees through the preliminary injunction was a provision for their salaries in any interim appropriations bills submitted by the Governor, and the content of the Governor's interim bills providing for those salaries cannot now be changed by any action we might take, no live controversy exists. *See Honig v. Students of the California School for the Blind*, 471 U.S. 148, 149, 105 S.Ct. 1820, 1821, 85 L.Ed.2d 114 (1985) (per curiam) (holding appeal moot where tests ordered by preliminary injunction had been carried out); *University of Texas v. Camenisch*, 451 U.S. 390, 398, 101 S.Ct. 1830, 1835, 68 L.Ed.2d 175 (1981) ("[T]he question whether a preliminary injunction should have been issued here is moot, because the terms of the injunction ... have been fully and *irrevocably* carried out.") (emphasis added); *Arthur v. Manch*, 12 F.3d 377, 380 (2d Cir.1993) (holding appeal moot where "review of the order at this time would serve no purpose"); *New York City Employees' Retirement Sys. v. Dole Food Co.*, 969 F.2d 1430, 1434 (2d Cir.1992) (holding appeal moot where "[t]he injunction no longer controls the future activities of the parties and the consequences of the ... [order] cannot be undone").

█ Of course, we may review an otherwise moot appeal if it presents issues that are "capable of repetition, yet evading review." *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (1975) (per curiam) (quoting *Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911)). Governor Pataki argues that this exception applies here, asserting that a continuing controversy exists between the parties concerning the Governor's

authority over the pay of legislative employees when seeking a timely budget. Governor Pataki notes that this is the first year of both the Governor's and the members of the Legislature's terms of office, and thus "it is reasonable to assume the same principals will be involved in next year's budget process." In short, the Governor argues that it is probable that a battle over the budget will occur next year, and that the transitory nature of budget controversies will preclude appellate review of any injunction subsequently entered to prevent him from withholding the pay of legislative employees.

█ In the absence of a class action,[2] the "capable of repetition, yet evading review" exception to the mootness doctrine is limited to situations where "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein*, 423 U.S. at 149, 96 S.Ct. at 349 (citing *Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975)). This exception, however, "applies only in exceptional situations." *City of Los Angeles v. Lyons*, 461 U.S. 95, 109, 103 S.Ct. 1660, 1669, 75 L.Ed.2d 675 (1983). The Governor has made no showing that he plans to withhold the salaries of legislative employees next year to encourage the Legislature to approve a timely budget. *See Fox v. Board of Trustees of the State Univ. of N.Y.*, 42 F.3d 135, 143 (2d Cir.1994) (no exception to mootness based solely on affidavit expressing intent to engage in conduct that would revive litigation), *cert. denied*, ___ U.S. ___, 115 S.Ct. 2634, 132 L.Ed.2d 873 (1995). Since the repetition of the events giving rise to the preliminary injunction is entirely speculative, the mere "theoretical possibility" that this scenario will arise again is not sufficient for the capable-of-repetition exception to apply. *Id.* (quotation omitted); *see also Deeper Life Christian Fellowship v. Sobol*, 948 F.2d 79, 82 (2d

2. Appellees brought suit assertedly on behalf of all other similarly situated legislative employees, yet made no motion for class certification pursuant to Fed.R.Civ.P. 23. The justiciability of their claims alone therefore controls. *See Comer v.*

*Cisneros*, 37 F.3d 775, 798 (2d Cir.1994); *Brandon v. Board of Education*, 487 F.Supp. 1219, 1224–25 (N.D.N.Y.), *aff'd*, 635 F.2d 971 (2d Cir. 1980), *cert. denied*, 454 U.S. 1123, 102 S.Ct. 970, 71 L.Ed.2d 109 (1981).

142

Cir.1991). Rather, in seeking to maintain this appeal, what the Governor really requests this Court to determine is whether he constitutionally may "take measures he deems reasonably necessary to ensure timely passage of the State budget." We believe, however, that this issue is best addressed not on interlocutory appeal but at trial after full discovery. *See Harris v. Blue Cross Blue Shield, of Missouri,* 995 F.2d 877, 879–80 (8th Cir.1993) (holding compliance with preliminary injunction mooted appeal from injunction but did not moot case); *Clark v. K–Mart Corp.,* 979 F.2d 965, 969 (3d Cir.1992) (same).

 Finally, the Governor urges us to vacate the preliminary injunction in the event that we determine his appeal to be moot. We possess the authority to do so under 28 U.S.C. § 2106 despite the absence of an Article III controversy. *See U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership,* —— U.S. ——, —— – ——, 115 S.Ct. 386, 389–90, 130 L.Ed.2d 233 (1994); *cf. Walling v. James V. Reuter, Inc.,* 321 U.S. 671, 677, 64 S.Ct. 826, 829, 88 L.Ed. 1001 (1944) ("If a judgment has become moot [while awaiting review], th[e] [c]ourt may not consider its merits, but may make such disposition of the whole case as justice may require."). Vacatur is required in those cases where review is "prevented through happenstance" and not through circumstances attributable to any of the parties. *United States v. Munsingwear, Inc.,* 340 U.S. 36, 40, 71 S.Ct. 104, 107, 95 L.Ed. 36 (1950); *see also Karcher v. May,* 484 U.S. 72, 82, 108 S.Ct. 388, 395, 98 L.Ed.2d 327 (1987). On the other hand, we note that vacatur is not required where mootness results from a voluntary settlement reached by the parties. In such cases a court must make an equitable determination whether "exceptional circumstances" justify vacating the lower court's decision. *U.S. Bancorp,* —— U.S. at ——, 115 S.Ct. at 393. Here, mootness resulted neither from happenstance nor from settlement of the entire action, but from the Governor's voluntary compliance with the preliminary injunction. Under the circumstances of this case, vacatur of the injunction is proper. *See New York City Employees' Retirement Sys.,* 969 F.2d at 1435; *see also Penguin Books USA Inc. v.*

*Walsh,* 929 F.2d 69, 73–74 (2d Cir.1991); *Blackwelder v. Safnauer,* 866 F.2d 548, 550 (2d Cir.1989). The bulk of appellees' complaint seeks declaratory relief on their constitutional claims. Accordingly, we vacate the preliminary injunction, without expressing any opinion as to the viability of the remaining claims, and remand for further proceedings.

### CONCLUSION

For the foregoing reasons we dismiss the appeal as moot. The order of the district court is vacated and the case is remanded for proceedings not inconsistent with this opinion.