VIDEO TUTORIAL SERVICES,
INC., Plaintiff–Appellee,

v.

MCI TELECOMMUNICATIONS
CORPORATION, Defendant–
Appellant.

No. 1093, Docket 95–7987.

United States Court of Appeals,
Second Circuit.

Argued Dec. 1, 1995.

Decided March 4, 1996.

4

Steven C. Krane, Proskauer Rose Goetz & Mendelsohn, New York City (Christopher Wolf and Peter J.W. Sherwin, of counsel), for defendant-appellant.

Kenneth A. Zitter, New York City, for plaintiff-appellee.

Before: McLAUGHLIN and LEVAL, Circuit Judges, and PARKER, District Judge.*

PER CURIAM:

MCI Telecommunications Corporation ("MCI") appeals from an order of the United States District Court for the Eastern District of New York (Frederic Block, *Judge*). The order temporarily stayed arbitration of a dispute between MCI and Video Tutorial Services, Inc. ("VTS"), pending mediation of a related suit brought by VTS against MCI in the district court. Because the mediation has already taken place, the stay of arbitration has since expired, and MCI has not demonstrated a reasonable expectation that a similar stay will be imposed in this suit or in future suits between MCI and VTS, we dismiss the appeal as moot.

## I.

This case concerns a billing dispute between VTS and MCI, which used to provide VTS's long distance telephone service under

* The Honorable Barrington D. Parker, Jr., of the United States District Court for the Southern District of New York, sitting by designation.

a contract entered into in January, 1995. After MCI's service proved unsatisfactory, VTS cancelled the MCI contract in June, 1995, and refused to pay some $71,000 in phone bills it had incurred before terminating the contract. In July, 1995, VTS sued MCI in federal court for a declaratory judgment that it owed nothing to MCI. It also asserted various tort and contract claims against MCI.

The cancelled contract, however, contained an arbitration clause. Seizing upon this, MCI commenced arbitration proceedings against VTS, seeking the $71,000 owed in phone bills and another $354,000 in damages under the contract. MCI also decided to move for a stay of VTS's suit. Because the district court rules require a conference before filing any motion, MCI requested a pre-motion conference. VTS countered by withdrawing those claims that were clearly arbitrable under the arbitration clause, adding a claim that the arbitration agreement was fraudulently induced, and announcing its own intention to move for a stay of the arbitration.

At the pre-motion conference on September 27, 1995, the district court ordered the parties to mediate their dispute, and insisted that they consent to a stay of the arbitration pending mediation. MCI refused to agree to a stay of arbitration, although it did agree to mediate those VTS claims still before the court. When MCI refused the next day to stay the arbitration sixty days at VTS's request, VTS wrote the district court, asking for an immediate stay of the arbitration pending completion of mediation. The district court entered a stay of the arbitration on October 2, 1995.

MCI promptly appealed that part of the order staying arbitration, and moved before us for an "interim stay" of the district court's order, a stay of the order pending appeal, and an expedited appeal. On October 12, 1995, we denied the "interim stay." On October 24, 1995, we also denied the stay, but we did expedite the appeal. We initially calendared argument for November 17, 1995, but subsequently we adjourned argument to December 1, 1995.

Before the appeal was argued, the parties attended a mediation session. When mediation proved fruitless, the mediator returned the matter to the district court. Although the stay had expired by its own terms upon the completion of the mediation proceedings, lest there be any doubt, the district court had entered an order terminating the stay before we heard oral argument on December 1, 1995.

## II.

On appeal, MCI argues that the district court's order temporarily staying arbitration pending mediation contravened the Federal Arbitration Act, 9 U.S.C. §§ 1–16, because the court may stay arbitration only when the dispute is not arbitrable. MCI also argues that, even if the district court could stay arbitration, we should review such an order *de novo* and vacate it, *see Collins & Aikman Prods. Co. v. Building Sys., Inc.*, 58 F.3d 16, 19 (2d Cir.1995).

We would be hard-pressed to say that a district court cannot stay arbitration for a short time while familiarizing itself with the issues underlying a proposed motion to stay a suit pending arbitration, or a proposed motion to stay an arbitration, *cf. Landis v. North Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 165–66, 81 L.Ed. 153 (1936); *Leesona Corp. v. Cotwool Mfg. Corp.*, 315 F.2d 538, 539–42 (4th Cir.1963). We are likewise reluctant to deny the district court deference in cases like this, where it has not yet had the chance to determine the validity of the arbitration clause at issue or the arbitrability of the dispute itself. *Cf. Leesona Corp.*, 315 F.2d at 539–42. We need not reach these issues, however, because MCI's appeal is moot.

Generally, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969). An interlocutory appeal from a temporary stay no longer in effect, like an interlocutory appeal from a since-expired or vacated temporary restraining order, is the paradigm of a moot appeal. *See, e.g., Glen–Arden Commodities, Inc. v. Costantino*, 493

F.2d 1027, 1030 (2d Cir.1974); *Arvida Corp. v. Sugarman,* 259 F.2d 428, 429 (2d Cir.1958) (per curiam); *cf. University of Texas v. Camenisch,* 451 U.S. 390, 393–94, 398, 101 S.Ct. 1830, 1832–33, 1835–36, 68 L.Ed.2d 175 (1981). When an appeal becomes moot, we must dismiss it, since we have no jurisdiction over moot controversies. *See, e.g., Church of Scientology v. United States,* 506 U.S. 9, 12, 113 S.Ct. 447, 449–50, 121 L.Ed.2d 313 (1992); *Honig v. Doe,* 484 U.S. 305, 317, 108 S.Ct. 592, 600–601, 98 L.Ed.2d 686 (1988); *New England Health Care Employees Union, Dist. 1199 v. Mount Sinai Hosp.,* 65 F.3d 1024, 1029 (2d Cir.1995).

Although the order temporarily staying arbitration has expired, MCI insists, nevertheless, that we may hear this otherwise moot appeal because the order is "capable of repetition, yet evading review," *Southern Pac. Terminal Co. v. ICC,* 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911). MCI, of course, bears the burden of demonstrating that this controversy is indeed "capable of repetition, yet evading review." *See City of Los Angeles v. Lyons,* 461 U.S. 95, 109, 103 S.Ct. 1660, 1669, 75 L.Ed.2d 675 (1983); *Haley v. Pataki,* 60 F.3d 137, 141 (2d Cir.1995); *Jarvis v. Regan,* 833 F.2d 149, 154 (9th Cir. 1987); *Sample v. Johnson,* 771 F.2d 1335, 1342 (9th Cir.1985), *cert. denied,* 475 U.S. 1019, 106 S.Ct. 1206, 89 L.Ed.2d 319 (1986). And, MCI has not met its burden here.

 Absent a class action, we may hear an otherwise moot appeal of a controversy that is capable of repetition yet evading review when: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation [or a demonstrated probability] that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (1975) (per curiam); *accord Murphy v. Hunt,* 455 U.S. 478, 482, 102 S.Ct. 1181, 1183–84, 71 L.Ed.2d 353 (1982) (per curiam). We may assume, without deciding, that MCI has satisfied these requirements. The order staying arbitration seemed too short in duration to effectively appeal before it expired. And, because mediation is en-

couraged in the Eastern and Southern Districts of New York, MCI might be faced with similar orders in future disputes with other parties.

There is, however, a *third* requirement, which is really a gloss on the second: MCI must show that "these *same parties* are reasonably likely to find themselves again in dispute over the issues raised in this" appeal. *Burlington N.R.R. v. Brotherhood of Maint. of Way Employes,* 481 U.S. 429, 436 n. 4, 107 S.Ct. 1841, 1846 n. 4, 95 L.Ed.2d 381 (1987) (emphasis added); *accord Norman v. Reed,* 502 U.S. 279, 288, 112 S.Ct. 698, 704–705, 116 L.Ed.2d 711 (1992); *see, e.g., B & B Chem. Co. v. EPA,* 806 F.2d 987, 990 (11th Cir. 1986); *Lee v. Schmidt–Wenzel,* 766 F.2d 1387, 1390 (9th Cir.1985); *Central Soya Co. v. Consolidated Rail Corp.,* 614 F.2d 684, 689 (7th Cir.1980); *see also Honig,* 484 U.S. at 334–36, 108 S.Ct. at 610–11 (Scalia, *J.,* dissenting, joined by O'Connor, *J.*); *Meyers v. Jay St. Connecting R.R.,* 288 F.2d 356, 359 (2d Cir.) (Lumbard, *C.J.*) ("The decision on whether to hear a case of this nature depends primarily upon the likelihood that the issue before the court will arise in future litigation between the parties."), *cert. denied,* 368 U.S. 828, 82 S.Ct. 49, 7 L.Ed.2d 31 (1961). This requirement flows naturally from Article III, because we have "no power to adjudicate a case that no longer presents an actual ongoing dispute between the named parties." *Honig,* 484 U.S. at 333, 108 S.Ct. at 609 (Scalia, *J.,* dissenting, joined by O'Connor, *J.*).

MCI has not satisfied the "same parties" requirement. It supposes that lightning may strike twice in these proceedings: having stayed arbitration pending mediation once, the district court might do so again. But this is sheer speculation, and cannot rise to the level of a "reasonable expectation" or "demonstrated probability" of recurrence. *Cf. Lyons,* 461 U.S. at 109, 103 S.Ct. at 1669; *Murphy,* 455 U.S. at 482, 102 S.Ct. at 1183–84; *Haley,* 60 F.3d at 141; *Brooks v. Georgia State Bd. of Elections,* 59 F.3d 1114, 1120 (11th Cir.1995). And, given the strained relations between the parties, we need not credit MCI's conjecture that, because the Eastern and Southern Districts of New York

favor mediation, a district court might, in the future, stay the arbitration of another contractual dispute between VTS and MCI in favor of mediation. We thus have little "reason to expect the same parties to generate a similar, future controversy." *Norman,* 502 U.S. at 288, 112 S.Ct. at 705.

Accordingly, the appeal is DISMISSED as moot.