**SECURITIES AND EXCHANGE COMMISSION, Plaintiff–Appellee,**

v.

**PLATINUM INVESTMENT CORPORATION, Platinum Investment Holding Corp., Lee Antonucci, Andrew Antonucci, Marcos Martinez, James Frace, and Matthew Beaulieu, Defendants,**

**and**

**Lee Sidoti, Appellant.**

**Docket No. 03–6120.**

United States Court of Appeals, Second Circuit.

April 8, 2004.

Richard Coia, Panzarella & Coia, Rochester, NY, for Appellant.

Catherine Broderick, Securities and Exchange Commission, Washington, D.C., for Appellee.

PRESENT: JACOBS, B.D. PARKER, Circuit Judges, and BLOCK,* District Judge.

### SUMMARY ORDER

Appellant Lee Sidoti ("Sidoti") appeals from an order denying his request to dissolve an injunction that freezes $160,000 of his assets in connection with an SEC investigation. Sidoti is neither a target nor a named defendant, but the targets include some of his grandchildren and companies they control; their mother exercises full control over the assets and affairs of Sidoti; and the proceeds of a real property transfer—undertaken in violation of a consent judgment—ended up in a bank account in Sidoti's name. He demands relief primarily on the ground that the SEC has never "commenced" an action against him personally. Familiarity is assumed as to the facts, procedural context, and the specification of appellate issues. We affirm for substantially the reasons articulated by the district court.

We review the district court's entry of a preliminary injunction for abuse of discretion. *Waldman Publ'g Corp. v. Landoll, Inc.,* 43 F.3d 775, 780 (2d Cir.1994). Findings of fact are reviewed for clear error; conclusions of law are reviewed *de novo. Niagara Hookers Employees Union v. Occidental Chem. Corp.,* 935 F.2d 1370, 1374 (2d Cir.1991). On appeal, Sidoti appears to challenge both the initial, temporary freeze of his assets on October 23, 2002 as well as the latest confirmation and extension of that freeze on March 25, 2003. Only the March 25 order is properly before us on appeal, however, as Sidoti did not appeal the injunctive order of October 23 when it was issued. On December 12, 2002, following a hearing at which Sidoti was represented by counsel, the district court confirmed and extended the October 23 order until such time as (i) Sidoti testified to the facts surrounding the transfer of the property (at which time the court would reconsider releasing his assets) or (ii) the SEC's enforcement action was otherwise resolved. Thereafter, any challenge to the October 23 order was mooted.

---

* The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

See Video Tutorial Servs., Inc. v. MCI Telecommunications Corp., 79 F.3d 3, 5 (2nd Cir.1996) ("An interlocutory appeal from a temporary stay no longer in effect, like an interlocutory appeal from a since-expired or vacated temporary restraining order, is the paradigm of a moot appeal."); see also Glen–Arden Commodities, Inc. v. Costantino, 493 F.2d 1027, 1030 (2d Cir. 1974).

As to the March 25 order extending the asset freeze, Sidoti contends—citing no legal authority—that the SEC's failure to commence an action against him personally places his assets beyond the injunctive powers of the district court. To the contrary, under Federal Rule of Civil Procedure 65, an injunction is binding upon:

> the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

Fed.R.Civ.P. 65(d). The rule "is designed to codify the common-law doctrine that defendants may not nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding." Doctor's Assocs., Inc. v. Reinert & Duree, P.C., 191 F.3d 297, 302–303 (2d Cir.1999) (internal quotations and citations omitted).

Generally, injunctions can bind only parties (and not acts); Rule 65(d), however, creates a carve-out for "nonparties who have actual notice of an injunction and are guilty of aiding or abetting or acting in concert with a named defendant *or his privy* in violating [an] injunction." 11A Wright, Miller & Kane, Federal Practice & Procedure § 2956 at 337 (2d ed.1995) (emphasis added). *See also U.S. v. Schine,* 260 F.2d 552, 556 (2d Cir.1958) (condemning use of nonparties to undertake that which defendants are expressly prohibited to do).

In this case, the district court found that Sidoti's daughter, an officer of the companies under investigation, had actual knowledge that the corporate assets were frozen prior to the transfer of the property to Sidoti in September 2002. That knowledge was imputable to Sidoti, who (as the district court found) had delegated complete control over all his assets and business dealings to his daughter. Sidoti offers no basis to conclude that the district court's findings on this point were clearly erroneous; his role (via an agent) in the transfer and hiding of assets amounts to "active concert or participation" within the meaning of Rule 65(d).

We have reviewed Sidoti's remaining contentions and find them to be without merit.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**