*New Jersey Carpenters Health Fund v. Novastar Mortgage, Inc., et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of October, two thousand eighteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> ROBERT D. SACK,
> REENA RAGGI,
> > *Circuit Judges*.

---

NEW JERSEY CARPENTERS HEALTH FUND,
on behalf of itself and all others similarly situated,

> *Plaintiff-Appellee*,

> v.                                                              No. 17-2859

NOVASTAR MORTGAGE, INC.; NOVASTAR
MORTGAGE FUNDING CORPORATION;
SCOTT F. HARTMAN; GREGORY S. METZ;
W. LANCE ANDERSON; MARK HERPICH;
RBS SECURITIES INC. F/K/A GREENWICH
CAPITAL MARKETS, INC. D/B/A RBS
GREENWICH CAPITAL; DEUTSCHE BANK
SECURITIES INC.; AND WELLS FARGO
ADVISORS, LLC F/K/A WACHOVIA

1

SECURITIES LLC,

*Defendants-Appellees*,

v.

FEDERAL HOME LOAN MORTGAGE
CORPORATION AND FEDERAL HOUSING
FINANCE AGENCY, in its capacity as
Conservator of the Federal Home Loan
Mortgage Corporation,

*Objectors-Appellants.*

| | |
|---|---|
| For Plaintiff-Appellee: | JOEL P. LAITMAN (Christopher Lometti, Michael B. Eisenkraft, *on the brief*), Cohen Milstein Sellers & Toll, PLLC, New York, NY. |
| For Defendants-Appellees: | ALAN C. TURNER, Simpson Thacher & Bartlett LLP, New York, NY; William F. Alderman, Orrick, Herrington & Sutcliffe LLP, San Francisco, CA. |
| For Objectors-Appellants: | CHRISTOPHER P. JOHNSON (Kyle Lonergan, *on the brief*), McKool Smith, P.C., New York, NY. |

Appeal from an order of the United States District Court for the Southern District of New York (Batts, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is DISMISSED and the order of the district court is VACATED.

Objectors-appellants Federal Home Loan Mortgage Corporation and Federal Housing Finance Agency, in its capacity as Conservator of the Federal Home Loan Mortgage Corporation (collectively, "FHFA"), appeal from an order by the United States District Court for the Southern District of New York (Batts, *J.*), dated September 14, 2017, denying its request for a 45-day stay

2

pursuant to 12 U.S.C. § 4617(b)(10). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

In July 2008, Congress enacted the Housing and Economic Recovery Act ("HERA") to address the ongoing subprime mortgage crisis. As part of this legislation, Congress created the Federal Housing Finance Agency and authorized it to place into conservatorship two critical government-sponsored enterprises—the Federal National Mortgage Association and the Federal Home Loan Mortgage Corporation, commonly known as Fannie Mae and Freddie Mac. 12 U.S.C. § 4617(a). FHFA formally placed Freddie Mac into conservatorship in September 2008 and, among other things, immediately succeeded "all rights, titles, powers, and privileges" of Freddie Mac and its stockholders, directors, and officers. *Id.* at §§ 4617(b)(2)(A)(i)-(ii).

On May 21, 2008, plaintiff-appellee New Jersey Carpenters Health Fund commenced a securities class action in New York state court against the defendants-appellees. The defendants removed the class action to federal district court on June 10, 2008. Approximately nine years later, on or about March 8, 2017, the appellees entered a Stipulation and Agreement of Settlement. The plaintiff-appellee then filed the Settlement Agreement with the federal district court, together with an unopposed motion seeking approval of the parties' proposed settlement.

On May 9, 2017, the district court issued an order preliminarily approving the settlement, certifying the settlement class, approving notice to the class, and scheduling a final approval hearing. The settlement class as drafted would encompass FHFA. However, the preliminary order carved out from the class "those Persons that timely and validly request exclusion from the class pursuant to and in accordance with the terms" of that order. App. 181. To be timely, any "requests for exclusion from the Settlement Class must be submitted for receipt by the Claims Administrator no later than twenty-eight (28) calendar days prior to the Final Approval Hearing."

3

*Id.* at 189. The court scheduled the Final Approval Hearing for September 13, 2017.

FHFA did not file a request for exclusion before the court-mandated deadline. It instead filed an objection to the proposed settlement with the district court on August 30, 2017, and argued that the court (1) lacked authority to approve the proposed settlement pursuant to HERA § 4617(f); and (2) should reject the settlement because FHFA did not receive sufficient notice of its right to opt out. The next day, on August 31, 2017, FHFA sent an untimely request to the Claims Administrator that it be excluded from the proposed settlement class. The Settling Parties opposed both motions, which are not at issue in this interlocutory appeal.

Instead, this appeal concerns FHFA's subsequent request for a statutory stay. On September 12, 2017, FHFA sought a 45-day stay of the settlement proceedings pursuant to § 4617(b)(10) of HERA. The provision states in relevant part:

> **(10) Suspension of legal actions**
>
> > **(A) In general**
> >
> > After the appointment of a conservator … for a regulated entity, the conservator … may, in any judicial action or proceeding to which such regulated entity is or becomes a party, request a stay for a period not to exceed—
> >
> > > **(i)** 45 days, in the case of any conservator; …
> >
> > **(B) Grant of stay by all courts required**
> >
> > Upon receipt of a request by the conservator … under subparagraph (A) for a stay of any judicial action or proceeding in any court with jurisdiction of such action or proceeding, the court shall grant such stay as to all parties.

12 U.S.C. § 4617(b)(10). The district court held a hearing on the motion that day.

FHFA did not argue at the hearing that it was seeking a stay because it needed more time to evaluate the proposed settlement agreement. Instead, it argued that granting a stay would make its opt-out request timely. As FHFA argued, because the district court's preliminary approval order set the opt-out deadline at "twenty-eight (28) calendar days prior to the Final Approval

Hearing," App. 189, "[i]f the approval hearing is pushed out 45 days, then the notice of exclusion that Freddie Mac served and filed on August 30 would be deemed timely," SPA 35.

The district court denied FHFA's request. The court reasoned that § 4617(b)(10) did not apply to class action settlements because "the language read in whole, reading the statute as a whole, seems to apply in very different circumstances, when the conservator is a party, when they're trying to preserve assets." *Id.* at 49. The court further found, based on the concessions of FHFA's counsel, that FHFA "did get notice" of the proposed settlement agreement. *Id.* at 50. The court accordingly denied the stay request, adjourned the Final Approval Hearing by a week, *id.* at 51, and did not rule on FHFA's objection to the settlement agreement, *see id.* at 52-53.

FHFA subsequently filed an interlocutory appeal challenging only the district court's denial of its motion for a 45-day stay under § 4617(b)(10). FHFA simultaneously moved this Court for a stay of the district court's settlement proceedings pending the resolution of that interlocutory appeal. The Court referred that motion to a three-judge panel and granted an interim stay of district court proceedings pending resolution of the motion. A three-judge panel heard argument on October 17, 2017, and denied the motion and dissolved the stay on October 19, 2017. On November 21, 2017, the district court *sua sponte* stayed the Final Approval Hearing pending resolution of the instant interlocutory appeal. The district court accordingly has not approved or rejected the proposed settlement agreement.

The parties agree that the district court's interpretation of § 4617(b)(10) is an issue of law that we review *de novo. See Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 251 (2d Cir. 2011). The district court's interpretation of its preliminary approval order is reviewed for an abuse of discretion. *See Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 103 (2d Cir. 2009).

5

We agree with the defendants-appellees that we lack subject matter jurisdiction to resolve the instant appeal. Under Article III of the Constitution, federal courts cannot adjudicate an issue unless they are presented with an actual "case or controversy." *See U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395-96 (1980). "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (internal quotation marks omitted). A case therefore is "moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Id.* (internal quotation marks omitted).

FHFA acknowledges that this Court and the district court have stayed the settlement proceedings for nearly a year. FHFA nonetheless argues that nothing prevents this Court from directing the district court to issue a 45-day stay on remand. FHFA asserts that this will provide it two types of relief. First, FHFA argues that it "has an enduring interest in HERA's interpretation" because such a stay would establish that HERA "necessarily . . . applies to class actions and their settlements." Appellant's Reply Br. at 20-21 (internal quotation marks omitted). Second, FHFA asserts that it would be entitled on remand "to have the District Court consider whether a substantive HERA stay renders the Opt-Out Request timely." *Id.* at 21.

FHFA's arguments fail as both a legal and factual matter. First, FHFA's "enduring interest in HERA's interpretation" is too abstract to permit the Court to grant "effectual relief." *See Chafin,* 568 U.S. at 172. Although the Supreme Court has never precisely defined this phrase, the Court has made clear that "a dispute solely about the meaning of a law, abstracted from any concrete actual or threatened harm, falls outside the scope of the constitutional words 'Cases' and 'Controversies.'" *Alvarez v. Smith*, 558 U.S. 87, 93 (2009); *see Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992) ("[A] federal court has no

6

authority to give opinions upon . . . abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." (internal quotation marks omitted)).

Second, FHFA is incorrect that an additional HERA stay could make its opt-out request timely. The district court expressly rejected this argument during the stay hearing. *See* SPA 50 ("[T]he parties are seeking to use this injunction so that they can set back the clock, but that isn't how it works."). As the district court reasoned, it has the right under the preliminary approval order to adjourn the Final Approval Hearing at its discretion, and, exercising that right does not reset any of the other court-mandated deadlines. *See id.* Accordingly, granting a 45-day HERA stay would also not affect the deadline to opt out. *See id.* FHFA does not argue that the district court abused its discretion in coming to this conclusion, and we find no fault in the district court's interpretation. *See Garcia*, 561 F.3d at 103.[1]

We further conclude that FHFA's appeal does not fall within an exception to the mootness doctrine for situations that are "capable of repetition, yet evading review." *See Kingdomware Techs., Inc. v. United States*, 136 S. Ct. 1969, 1976 (2016) (internal quotation marks omitted). This doctrine applies in "exceptional" situations where: (1) "the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration," and (2) "there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." *Id.* (internal quotation marks omitted).

---

[1] Moreover, if FHFA's interpretation of the preliminary approval order were correct—that a change in the date of the Final Approval Hearing also changes the date of deadline to opt out— then its request to the district court would be timely regardless of our ruling here. The district court stayed the Final Approval Hearing pending the resolution of this appeal. When that hearing is finally scheduled, FHFA's opt-out request—filed August 30, 2017—will pre-date it by more than 28-days. Our ruling thus would have no impact on whether FHFA's opt-out request is timely.

7

The defendants-appellees argue, and we agree, that FHFA has not met the second prong of this exception. This Circuit has made clear that to meet the second element of the "capable of repetition, yet evading review" exception, the appellant must show that "these *same parties* are reasonably likely to find themselves again in dispute over the issues raised in this appeal." *Video Tutorial Servs., Inc. v. MCI Telecomms. Corp.*, 79 F.3d 3, 6 (2d Cir. 1996) (per curiam) (internal quotation marks omitted) (emphasis in original). This holding reflects the principle that courts have "no power to adjudicate a case that no longer presents an actual ongoing dispute *between the named parties*." *Id.* (internal quotation marks omitted) (emphasis added).[2]

Although FHFA argues that *Video Tutorial Services* was incorrectly decided, this decision remains the law of this Circuit and we have no authority to overturn a prior panel decision in another case. *See United States v. Gupta*, 747 F.3d 111, 140 (2d Cir. 2014). FHFA does not argue that the parties here are reasonably likely to find themselves again in dispute over the issues raised in this appeal, and we accordingly conclude that we lack subject matter jurisdiction to resolve the instant proceeding.

---

[2] This precedent is also consistent with that of our sister circuits. *See Chirco v. Gateway Oaks, L.L.C.*, 384 F.3d 307, 309 (6th Cir. 2004) ("When the suit involves two private parties, however, the complaining party must show a reasonable expectation that he would again be subjected to the same action by the *same defendant*"); *Belitskus v. Pizzingrilli*, 343 F.3d 632, 648 n.11 (3d Cir. 2003) (requiring "a demonstrated probability that the *same parties* will again be involved in the same dispute" (internal quotation marks omitted) (emphasis added)); *Pharmachemie B.V. v. Barr Labs., Inc.*, 276 F.3d 627, 633 (D.C. Cir. 2002) (second element "requires that the same parties will engage in litigation over the same issues in the future"); *Cruz v. Farquharson*, 252 F.3d 530, 534 (1st Cir. 2001) (the "exception pertains only if there is some demonstrated probability that the same controversy, involving the same parties, will reoccur"); *Lee v. Schmidt–Wenzel*, 766 F.2d 1387, 1390 (9th Cir. 1985) ("In order to apply the 'capable of repetition' doctrine to private parties, there must be a reason to expect that there will be future litigation of the same issue between a present complaining party and a present defending party."); *Cent. Soya Co. v. Consol. Rail Corp.*, 614 F.2d 684, 689 (7th Cir. 1980) ("[T]here must be a reasonable degree of likelihood that this issue will be the basis of a continuing controversy between these two parties").

We further conclude that the equities support vacating the district court's order. "When a civil case becomes moot pending appellate adjudication, the established practice in the federal system is to reverse or vacate the judgment below and remand with a direction to dismiss." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 71–72 (1997). Whether to vacate "depends on the equities of the case," and "our primary concern is the fault of the parties in causing the appeal to become moot." *Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of City of Watervliet,* 260 F.3d 114, 121-22 (2d Cir. 2001). "For an appellant's conduct to constitute 'forfeiture' of the benefit of vacatur . . . he must have intended that the appeal become moot, either in the sense that mootness was his purpose or that he knew or should have known that his conduct was substantially likely to moot the appeal." *Id.* at 122. "Absent a showing that the equities preponderate against vacatur, . . . we will vacate and remand." *Id.* at 121.

The defendants-appellees seem to argue that the equities here do not favor vacatur because FHFA forfeited its right to vacatur by securing a temporary stay from this Court pending the resolution of its interlocutory appeal. However, we agree with FHFA that it did not seek this stay with the purpose of mooting its appeal. Had FHFA not sought such an order, the class action proceedings would have continued, and the district court might have approved the proposed settlement agreement. Had that occurred, FHFA's appeal would have become moot because there would be nothing left to stay.

For the reasons stated herein, this appeal is DISMISSED as moot and the order of the district court is VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

9