# United States Court of Appeals

### For the Eighth Circuit

_____

No. 19-3323

_____

Meierhenry Sargent LLP, a South Dakota limited liability partnership

*Plaintiff - Appellee*

v.

Bradley Williams; Kerry Williams

*Defendants - Appellants*

_____

No. 19-3589

_____

Meierhenry Sargent LLP, a South Dakota limited liability partnership

*Plaintiff - Appellee*

v.

Bradley Williams; Kerry Williams

*Defendants - Appellants*

_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: October 22, 2020
Filed: March 24, 2021
[Published]
_____

Before COLLOTON, GRASZ, and STRAS, Circuit Judges.
_____

PER CURIAM.

This is the second time that we have been asked to weigh in on this dispute over attorney fees. This time, the Williamses would like us to overturn several arbitration-related rulings made by the district court.[1] We affirm the one decision we can review and dismiss the remainder for lack of appellate jurisdiction.

I.

The first time around, we affirmed an interlocutory ruling that several counterclaims were non-arbitrable. *See Meierhenry Sargent LLP v. Williams*, 915 F.3d 507, 510–12 (8th Cir. 2019). Interpreting the fee agreement between the parties, we concluded that "[i]f what [the counterclaims] seek is to reduce or eliminate the money the Williamses owe to the firm, the claims are arbitrable; if they seek something else—like money *from* the firm—they are not." *Id.* at 511–12. The one "exception" was a breach-of-contract claim brought by the Williamses, which was not before us on appeal. *Id.* at 511 n.2.

A dispute arose over that claim once the parties resumed arbitration. Specifically, the firm asked the district court to rule, "consistent with its previous [o]rder and the Eighth Circuit's mandate," that the Williamses could only arbitrate their breach-of-contract claim to the extent the damages would reduce the fees owed to the firm. The district court agreed and ruled that "[t]he parties are *enjoined* from

_____

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

arbitrating counterclaims seeking damages that exceed the attorney[] fees claimed by [the firm] in this matter." (Emphasis added).

## II.

The primary issue on appeal is whether the district court "improperly re-wrote" its original order by enjoining the Williamses from seeking damages in arbitration in excess of fees owed. Under the principles set out in the first appeal in this case, we can review this decision as "an interlocutory order granting . . . an injunction against an arbitration" under 9 U.S.C. § 16(a)(2). *See Meierhenry Sargent LLP*, 915 F.3d at 509–10.

Though we can review it, we decline to overturn it. All the district court did was clarify its original order, which it had the authority to do. *See* Fed. R. Civ. P. 60(a) (explaining that district courts "may correct a clerical mistake or a mistake arising from oversight or *omission* whenever one is found in a judgment, order, or other part of the record" (emphasis added)). The original order stated that the counterclaims were arbitrable to the extent they reduced the amount the Williamses owed to the firm, and the court clarified on remand that this restriction applied to the breach-of-contract claim too. *See Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 950 (8th Cir. 2012) (explaining that the district court "has the power under Rule 60(a) to clarify and correct omissions in its judgment to reflect what the court originally intended" (quotation marks omitted)). It did not abuse its discretion in doing so. *See United States v. Mansion House Ctr. N. Redev. Co.*, 855 F.2d 524, 527 (8th Cir. 1988) (per curiam) (reviewing a clarification for an abuse of discretion).

Nor did the clarification "alter or amend anything" that *we* "expressly or implicitly ruled on" the first time around. *Hartis*, 694 F.3d at 950 (quotation marks omitted). To be sure, we *observed* that the district court had not limited the scope of the damages available for the breach-of-contract claim. *See Meierhenry Sargent*

*LLP*, 915 F.3d at 511 n.2.  But we did so in the context of explaining why the issue was not before us, so we could not have tied the court's hands on remand.  *See id.*

As for the three other issues that the Williamses have raised on appeal, we lack jurisdiction to consider them.  The first is a challenge to a stay that is technically no longer in effect.  With the conditions underlying the stay having now passed, there is no relief for us to order, making it "the paradigm of a moot" issue.  *Video Tutorial Servs., Inc. v. MCI Telecomms. Corp.*, 79 F.3d 3, 5 (2d Cir. 1996) (per curiam) (addressing "[a]n interlocutory appeal from a temporary stay no longer in effect").  There is also no reason to believe that there will be a similar stay imposed in the future, meaning that it does not satisfy the capable-of-repetition-yet-evading-review exception to mootness.  *See Stevenson v. Blytheville Sch. Dist. No. 5*, 762 F.3d 765, 769 (8th Cir. 2014); *see also Video Tutorial Servs., Inc.*, 79 F.3d at 6 (explaining that "speculat[ing]" that "lightning may strike" again is not enough).

We also lack jurisdiction over the remaining two issues, but for a different reason.  One is a challenge to the district court's offhand remark during a hearing that the arbitrators should be neutral.  The other questions the court's refusal to acknowledge that the Williamses had properly filed several counterclaims.  Neither, however, is a "final decision[]," 28 U.S.C. § 1291, or one of the interlocutory orders that we have the authority to immediately review, *see, e.g.*, 9 U.S.C. § 16(a).  Both, in other words, lie beyond our jurisdiction.

III.

We accordingly dismiss the appeal in part, otherwise affirm the judgment of the district court, and remand for further proceedings consistent with this opinion.

COLLOTON, Circuit Judge, concurring.

In retrospect, there is reason to doubt whether the district court properly entered an injunction against arbitrating certain claims in response to Meierhenry

-4-

Sargent's original motion "to declare the scope of the arbitration proceedings." R. Doc. 17. As the Eleventh Circuit pointed out in *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092 (11th Cir. 2004), "wrongful arbitration" is not a cause of action for which a party may sue. *Id.* at 1098, 1112. The Federal Arbitration Act, 9 U.S.C. § 4, "permits a federal court to compel arbitration based on an arbitration clause in a written contract, but does not permit a court to enjoin arbitration based on an issue's nonarbitrability." *Id.* at 1099 n.8. In the first appeal, however, the parties did not raise this precise issue, and the court did not identify it. The permissibility of the district court's original order is now the law of the case. Given that premise, I concur that the district court on remand did not abuse its discretion in clarifying the original order. That said, the district court going forward may consider whether a cause of action adequately supports any further attempt to litigate over these ongoing arbitration proceedings.

———————————————