*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0313P (6th Cir.)
File Name: 04a0313p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

MICHAEL A. CHIRCO and
DOMINIC MOCERI,
    *Plaintiffs-Appellants,*

    *v.*

GATEWAY OAKS, L.L.C.;
ARROW BUILDING CO.;
DESIGN GROUP, L.L.C.; N &
D DEVELOPERS, L.L.C.;
JOSEPH P. D'ANGELO;
SALVATORE SARAFINO;
M.C.S. ASSOCIATES, INC.; JIM
JONES; and CALVIN HALL,
    *Defendants-Appellees.*

No. 03-1126

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 02-73188—Paul D. Borman, District Judge.

Argued: August 10, 2004

Decided and Filed: September 14, 2004

Before: SILER, MOORE, and COLE, Circuit Judges.

---

---

## COUNSEL

**ARGUED:** Stephen F. Wasinger, WASINGER, KICKHAM & HANLEY, Royal Oak, Michigan, for Appellants. Douglas P. LaLone, WARN, HOFFMANN, MILLER & LaLONE, Auburn Hills, Michigan, for Appellees. **ON BRIEF:** Stephen F. Wasinger, WASINGER, KICKHAM & HANLEY, Royal Oak, Michigan, for Appellants. Douglas P. LaLone, WARN, HOFFMANN, MILLER & LaLONE, Auburn Hills, Michigan, for Appellees.

---

## OPINION

---

SILER, Circuit Judge. This copyright suit concerns the similarity of defendant Gateway Oaks's condominiums to the condominiums of plaintiffs Michael A. Chirco and Dominic Moceri (collectively "Chirco"). With the district court still to rule on his main injunction for copyright infringement claim, Chirco appeals the district court's order canceling his "Notice of Lis Pendens." We **DISMISS** Chirco's appeal as moot.

Chirco is in the Detroit real estate business. He previously worked with Ronald E. Mayotte & Associates ("Mayotte") to create architectural plans, from which he constructed the Aberdeen Village condominiums. Chirco claims ownership to the copyrighted plans pursuant to an exclusive license agreement with Mayotte.

Gateway Oaks subsequently started constructing condominiums that stand next to, and are allegedly substantially similar to, the Aberdeen Village condominiums and the underlying plans. Chirco sued Gateway Oaks for copyright infringement, seeking to enjoin any further development or use of Gateway Oaks, and asking for

impoundment and destruction of the architectural plans and condominiums.

Simultaneously with the complaint, Chirco filed a "Notice of Lis Pendens" (i.e., a notice of an action pending against the condominiums). Michigan law authorizes the filing of a notice of pendency of a lawsuit, or lis pendens, to render constructive notice of the suit to purchasers of real property. Mich. Comp. Laws § 600.2701. The Michigan lis pendens statute "applies to suits affecting *title to real property* in the federal courts." Mich. Comp. Laws § 600.2735(1) (emphasis added); *see also* 28 U.S.C. § 1964 (providing that lis pendens filed in federal court must comply with state law filing requirements). The district court canceled the lis pendens, finding that the copyright suit, asking for impoundment and destruction of the buildings, did not affect the *title* to the Gateway Oaks condominiums.

Chirco appeals this order canceling the lis pendens. He argues, as he did to the district court, that the lis pendens statute extends to suits not only challenging title, but also to suits which may affect "the possession, use or enjoyment of real property." *See* Mich. Comp. Laws § 600.2711 (providing "[w]here a defendant sets up in his answer a counterclaim, upon *which he demands an affirmative judgment affecting the title to, or the possession, use or enjoyment of real property,* he may file for record a *like notice*") (emphasis added). We express no opinion on the merits of Chirco's argument because we find that the selling of all the Gateway Oaks condominiums renders the lis pendens issue moot.

After Chirco filed this appeal, Gateway Oaks filed a motion to dismiss the appeal as moot because it already finished constructing the condominiums and sold all of them to third parties. Chirco concedes that any decision by this court would have no impact on the instant case against Gateway Oaks. Nonetheless, Chirco asks us to rule on the correctness of the district court's order canceling his lis pendens because the issue is capable of repetition, yet evades review.

Under Article III, § 2, of the Constitution, we may only adjudicate actual ongoing cases or controversies. Generally, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). An actual live controversy "must be extant at all stages of review." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997). The Supreme Court has carved out a mootness exception for issues "capable of repetition, yet evading review." *Southern Pac. Terminal Co. v. ICC*, 219 U.S. 498, 515 (1911). In *Weinstein v. Bradford,* 423 U.S. 147 (1975), it limited the "capable of repetition, yet evading review" doctrine to situations where: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration; and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Id.* at 148. Chirco fails on the second element.

Arguably, Chirco has a reasonable expectation that he will be subjected to having a notice of lis pendens canceled again in the future. This suit marks the third time a district court has canceled Chirco's notice of lis pendens regarding copyright infringement of the plans, and apparently he has two other suits pending (although he has not sought a lis pendens in these cases). Regardless, he concedes that a future notice of lis pendens against Gateway Oaks is unlikely.

Normally, parties raise the "capable of repetition, yet evading review" doctrine against the government, hence the second element's language that the same complaining party would be subjected to the same action again. *See Lee v. Schmidt-Wenzel*, 766 F.2d 1387, 1390 (9th Cir. 1985). When the suit involves two private parties, however, the complaining party must show a reasonable expectation that he would again be subjected to the same action by the *same defendant*. *Pharmachemie B.V. v. Barr Laboratories, Inc.*, 276 F.3d 627, 633 (D.C. Cir. 2002) (second element "requires that the same parties will engage in litigation over the same issues in the future"); *Cruz v. Farquharson*, 252

F.3d 530, 534 (1st Cir. 2001) ("exception pertains only if there is some demonstrated probability that the same controversy, involving the same parties, will reoccur"); *Video Tutorial Services, Inc. v. MCI Telecomms. Corp.*, 79 F.3d 3, 6 (2d Cir. 1996) (exception applies only if "these *same parties* are reasonably likely to find themselves again in dispute over the issues raised" in the appeal); *Lee*, 766 F.2d at 1390 ("In order to apply the 'capable of repetition' doctrine to private parties, there must be a reason to expect that there will be future litigation of the same issue between a present complaining party and a present defending party."); *Cent. Soya Co., Inc. v. Consol. Rail Corp.*, 614 F.2d 684, 689 (7th Cir. 1980) (need "likelihood that this issue will be the basis of a continuing controversy between *these two parties*"); *see also Norman v. Reed,* 502 U.S. 279, 288 (1992); *Burlington N. R.R. v. Bhd. of Maint. of Way Employes*, 481 U.S. 429, 436 n.4 (1987).[1]  Because Chirco concedes that a future notice of lis pendens *against Gateway Oaks* is unlikely,  his "capable

---

[1] Arguably, the Supreme Court has relaxed the same party requirement in certain cases.  In *Honig v. Doe*, 484 U.S. 305 (1988), Justice Scalia pointed out in his dissent that *Roe v. Wade*, 410 U.S. 113 (1973), and some election law decisions, *e.g., Rosario v. Rockefeller*, 410 U.S. 752 (1973), differed from the Court's normal mootness jurisprudence by "dispensing with the same-party requirement entirely." 484 U.S. at 335 (Scalia, J., dissenting). Justice Scalia went on to state that subsequent cases arguably have narrowed these cases to "their facts, or to the narrow areas of abortion and election rights."  *Id*. at 336; *see also Cruz*, 252 F.3d at 534 n.4 (noting that the *Roe* Court failed to inquire whether Roe herself was likely to become pregnant again, but finding it unnecessary to "speculate on how strictly the Supreme Court will enforce the 'same parties' requirement in future cases"); *McPherson v. Mich. High Sch. Athletic Ass'n*, 119 F.3d 453, 465 n.3 (6th Cir. 1997) (Moore, J., dissenting) (noting that Justice Scalia's suggestion in *Honig* that the Supreme Court has not always limited the exception to situations involving the same parties has never been accepted by a majority of the Supreme Court).  Because this case falls under neither the abortion nor election law heading and the Supreme Court has not issued a concrete command relaxing the same party requirement, we decline to relax the requirement in this case.

of repetition, yet evading review" argument fails and we dismiss his appeal as moot.

**APPEAL DISMISSED.**