**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0305n.06
Filed: May 3, 2006

**No. 03-2562**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JOHN DOE, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  DAUGHTREY and SUTTON, Circuit Judges; FORESTER, District Judge.*

PER CURIAM.  This is an interlocutory appeal from a district court's order denying the motion of a defendant, identified as John Doe, to strike the government's notice of intention to seek the death penalty on the ground that the government did not file the notice within "a reasonable time before the trial," as required by 18 U.S.C. § 3593(a).  The district court denied the motion on the ground that the date set for trial was merely a "'control' date," not a "fixed trial date," and that the government thus did not violate the statutory directive.  D. Ct. Op. at 10.  Because the proposed trial date, whether a "fixed" date or a "control" date, had come and gone by the time Doe filed his motion, his claim was moot in one respect and not ripe in another.  Accordingly, we vacate the

---

* The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation.

district court's order and remand the case to the district court to dismiss the motion for lack of jurisdiction.

I.

In July 2001, John Doe and 13 other individuals were the subjects of a six-count federal indictment. Doe was indicted on four of the counts: conspiracy to possess with intent to distribute controlled substances; engaging in a continuing criminal enterprise; intentional killing; and aiding and abetting an intentional killing. Doe was arraigned on July 23, 2001, and the district court initially scheduled the trial for February 12, 2002. On February 11, 2002, the district court moved the trial date to July 30, 2002. The district court subsequently entered a series of orders further postponing the trial, including an order scheduling a pretrial conference on November 5, 2002, and eventually an order tentatively scheduling trial for March 4, 2003.

Between June 7 and September 27, 2002, Doe engaged in plea negotiations with the government. On October 7, 2002, Doe's attorney met with attorneys from the Capital Crimes Section of the United States Department of Justice in Washington, D.C., in an effort to dissuade the Attorney General from seeking the death penalty. His efforts were not successful, and on February 6, 2003, 26 days before the tentative March 4 trial date, the United States Attorney filed an official notice of intent to seek the death penalty (the "death notice") against 3 of the 13 co-defendants, including John Doe.

The next day, the district court scheduled a pretrial conference with the three capital defendants and the government for February 21, 2003. The point at issue was severance, because the district court was unwilling to try all of the co-defendants at a single trial, and the government thus far had failed to obtain stipulations as to "how to parse out the case." JA 378. Scheduling difficulties, however, precluded the February 21 conference from going forward, and the court postponed it until March 17. On March 17, counsel for the three capital defendants, including defendant Doe, indicated that they would need between 18 and 24 months to prepare for trial.

In the meantime, on March 10, 2003, nearly a week after the tentative March 4 trial date had passed, Doe filed a motion to strike the death notice, claiming that the 26-day period between the filing of the death notice and March 4 was unreasonable. The district court did not hear arguments on the motion to strike the death notice until October 3, 2003, during which Doe's counsel conceded that he "did not expect that if the government filed a death penalty notice that we would be going to trial on March 4th." JA 363. The district court ultimately denied the motion on the ground that the March 4 trial date was a "'control' date," not a "fixed trial date," and accordingly that the government had not violated the statutory directive. D. Ct. Op. at 10.

## II.

Before we may address the merits of the district court's order, we must ask ourselves whether we have jurisdiction to resolve this dispute. There is some question whether we may review an interlocutory order of this type and an even more basic question whether the dispute suffers from

mootness and ripeness problems. A matter becomes moot, and a court is "depriv[ed] [ ] of jurisdiction" over it, *ACLU of Ohio, Inc. v. Taft*, 385 F.3d 641, 646 (6th Cir. 2004), when the issues presented "are no longer live or the parties lack a legally cognizable interest in the outcome" of the dispute, *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (internal quotation marks omitted); *see also Chirco v. Gateway Oaks, L.L.C.*, 384 F.3d 307, 309 (6th Cir. 2004). The ripeness doctrine likewise "prevent[s] the courts, through premature adjudication, from entangling themselves in abstract disagreements," *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580 (1985), and "dictates that courts should decide only existing, substantial controversies, not hypothetical questions or possibilities," *City Commc'ns, Inc. v. City of Detroit*, 888 F.2d 1081, 1089 (6th Cir. 1989). Ripeness thus "becomes an issue when a case is anchored in future events that may not occur as anticipated, or at all." *Id.*

In one sense, Doe's motion suffered from a mootness problem from the day it was filed. To the extent he premised his motion on the ground that the 26 days between the government's filing of a death notice (February 26, 2003) and the proposed trial date (March 4, 2003) did not provide "reasonable" notice under the statute, that particular problem had vanished before he filed the motion. The March 4 trial date had come and gone six days *before* Doe filed the motion. To the extent Doe premised his motion on the ground that he had not received "reasonable" notice that the government would seek the death penalty before some other trial date, that motion was premature. When Doe filed the motion to strike on March 10, 2003, not only had the proposed March 4 trial date passed but the court had not set another trial date. Before the March 10 filing of the motion,

the trial court had set a "pretrial" conference for March 17, 2003, when presumably a trial date would be discussed. Indeed, to our knowledge, the only material trial date in the case was March 4, and of course that date had come and gone by the time the motion was filed. In the end, the claim that 26 days (between February 6, 2003, and March 4, 2003) was insufficient notice to prepare for a capital case was moot at the time the motion to strike was filed, and the apparent claim that some other number of days (between February 6, 2003, and a date to be determined) was insufficient notice to prepare for a capital case was not ripe at the time the motion was filed. The one construction of the claim being moot, the other being unripe, neither the district court nor we have jurisdiction to resolve this dispute.

III.

For these reasons, the district court's order is vacated and the motion is remanded with instructions to dismiss it for lack of jurisdiction. *See McPherson v. Mich. High Sch. Athletic Ass'n*, 119 F.3d 453, 458 (6th Cir.1997); *United States v. Westmoreland*, 974 F.2d 736, 738 (6th Cir. 1992).