NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0326n.06
Filed: June 9, 2008

**No. 07-5340**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In re: CLEAN EARTH KENTUCKY, LLC; CLEAN EARTH ENVIRONMENTAL GROUP, LLC, | ) ) ) ) | |
| Debtors. | ) ) ) | |
| -------------------------------------------------- | ) ) | |
| ALABAMA POWER COMPANY, | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| Appellant, | ) ) | |
| v. | ) ) | |
| CLEAN EARTH KENTUCKY, LLC; CLEAN EARTH ENVIRONMENTAL GROUP, LLC, | ) ) ) | |
| Appellees. | ) | |

Before: ROGERS, COOK, and McKEAGUE, Circuit Judges.

PER CURIAM. Utility company Alabama Power appeals a bankruptcy court order barring it from terminating service to Clean Earth Environmental Group, LLC. Although Clean Earth has since ceased operations, ending its relationship with Alabama Power, the utility argues that this controversy is not moot because it is "capable of repetition, yet evading review." Because we find

No. 07-5340
*AL Power Co. v. Clean Earth KY, et al.*

this mootness exception inapplicable, we vacate the district court's order and remand with

instructions to dismiss this case.

No. 07-5340
*AL Power Co. v. Clean Earth KY, et al.*

I

In January 2006, Clean Earth—a manufacturer of street sweepers—filed for protection under Chapter 11 of the Bankruptcy Code. Immediately, the company filed several "first day motions" to ensure continuity in its operations. One of these—the "Utility Motion"—moved the bankruptcy court to bar Clean Earth's utilities, including electricity provider Alabama Power, from terminating service. In return, Clean Earth promised to prepay its utilities an "assurance payment" equal to an average month's bill. *See* 11 U.S.C. § 366(b) ("[A] utility may alter, refuse, or discontinue service if neither the trustee nor the debtor . . . furnishes adequate assurance of payment . . . .").

Alabama Power objected, demanding a monthly prepay equal to a two-month bill. It argued that the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005's amendments to § 366 empowered it to demand more assurance. The bankruptcy court split the difference, granting Clean Earth's motion, but requiring an assurance payment of one and one-half month's average use.

Although this narrowed the amount in dispute between the two parties to only $4,998, Alabama Power appealed to the district court. That appeal prompted Clean Earth to mail Alabama Power a check for that amount to end the dispute. But Alabama Power returned the check uncashed. Indeed, it persisted with its case even after Clean Earth (with the bankruptcy court's permission) obviated the need for *any* assurance payment by selling its assets to a third party and terminating its account with Alabama Power.

Before the district court, Clean Earth accused Alabama Power of pressing a moot issue merely to obtain a favorable interpretation of the amended § 366. While the district court did not agree that Alabama Power's appeal was moot, it affirmed the bankruptcy court order on the merits. Alabama Power now appeals that decision.[1]

II

Article III of the United States Constitution empowers the judiciary to adjudicate only actual cases or controversies, and not to issue advisory opinions. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). Accordingly, at no stage of review may a federal court "'give opinions upon moot questions or abstract propositions, or . . . declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)).

Because of this cardinal rule of federal jurisdiction, we cannot adjudicate the moot issue presented by this appeal. Alabama Power objected to Clean Earth's Utility Motion hoping to garner a larger assurance payment. But because it no longer supplies electricity to Clean Earth, Alabama Power no longer seeks any assurance payment. These circumstances prevent a court from furnishing "any effectual relief whatever." *Mills*, 159 U.S. at 653.

---

[1]Clean Earth declined even to participate in this appeal.

No. 07-5340
*AL Power Co. v. Clean Earth KY, et al.*

Acknowledging our inability to grant any meaningful relief, Alabama Power nonetheless seeks an advisory opinion that it can brandish the next time a bankrupt customer attempts to secure a similar § 366 order. Alabama Power insists that we should follow the district court's lead and reach the merits because the issue here is "capable of repetition, yet evading review." *See, e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 17 (1998). This mootness exception applies in "exceptional situations" where: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again. *Id*. at 17 (internal citations and quotation marks omitted).

Alabama Power cannot meet the second prong. True, Alabama Power will face similar disputes with *other* bankrupt customers. But to satisfy the second prong in a commercial dispute between two private parties, we require "the complaining party [to] show a reasonable expectation that he would again be subjected to the same action by the *same defendant*." *Chirco v. Gateway Oaks, L.L.C.*, 384 F.3d 307, 309 (6th Cir. 2004). Alabama Power's inability to demonstrate such an expectation renders the "capable of repetition, yet evading review" exception inapplicable, at least in the context of this case.

III

Because this appeal presents no actual case or controversy, we vacate the district court's order and remand with instructions to dismiss the appeal to the district court as moot.