*By order of the Bankruptcy Appellate Panel, the precedential effect of this decision is limited to the case and parties pursuant to 6th Cir. BAP LBR 8024-1(b). See also 6th Cir. BAP LBR 8014-1(c).*

File Name: 18b0001n.06

# BANKRUPTCY APPELLATE PANEL

## OF THE SIXTH CIRCUIT

IN RE: DEBORAH DEAN ODELL,

          *Debtor.*

No. 17-8012

On Appeal from the United States Bankruptcy Court
for the Northern District of Ohio at Cleveland.
No. 16-15518—Jessica E. Price Smith, Judge.

Decided and Filed: January 30, 2018

Before: HARRISON, HUMPHREY, and PRESTON, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

_____

**ON BRIEF:** Joel K. Jensen, LERNER, SAMPSON & ROTHFUSS, Cincinnati, Ohio, for Appellee. Deborah Odell, Berea, Ohio, pro se.

_____

**OPINION**

_____

C. KATHRYN PRESTON, Bankruptcy Appellate Panel Judge. Deborah Dean Odell ("Debtor") appeals the Bankruptcy Court's decision lifting the automatic stay to allow a mortgagee to pursue foreclosure proceedings in state court. For the reasons explained below, we **DISMISS** Debtor's appeal as moot.

# I.    BACKGROUND

Debtor filed her Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Ohio ("Bankruptcy Court") on October 10, 2016.  Ten days later, Debtor filed her schedules, in which she listed as an asset her interest in a home that she inherited from her mother (the "Property").  In her schedules, Debtor stated that the value of the Property was $47,000.  Debtor also listed HSBC Bank USA ("HSBC") as a mortgagee of the Property and having a claim in the amount of $64,382.64.  On November 4, 2016, Debtor filed an amended Schedule C, claiming a "homestead exemption" of her interest in the Property in the amount of $136,925.  No objections to Debtor's claim of exemption were made.

On January 25, 2017, HSBC filed a Motion for Relief from Stay and Abandonment (the "Motion").  In its Motion, HSBC asserted that the amount of debt secured by the Property exceeded the value of the Property.  HSBC argued that relief from the stay and abandonment were warranted because the Property was of no value to the bankruptcy estate and was not necessary for an effective reorganization.  On February 16, 2017, Debtor filed an objection to the Motion and requested a hearing.  Debtor admitted that seventeen years prior, on February 14, 2000, her mother had granted a mortgage on the Property to CIT Group/Consumer Finance, Inc., to secure a debt in the amount of $58,288.50.  However, Debtor denied that the lien had been properly perfected and asserted that the subsequent assignment of the lien was fraudulent by virtue of a "robo-signature."

The Bankruptcy Court held a hearing on the Motion on March 7, 2017.  Debtor was not represented by an attorney.  The Bankruptcy Court explained to Debtor that the issue was that the Property was subject to a mortgage securing a loan which had not been paid.  Following a discussion with HSBC regarding the amount outstanding on the first mortgage and Debtor's appraisal of the Property at $47,000, the Bankruptcy Court granted HSBC's Motion.  On March 27, 2017, Debtor timely filed a Notice of Appeal.  Debtor received her Chapter 7 discharge on July 7, 2017.

## II.    ISSUE ON APPEAL

In this appeal, Debtor primarily argues that the Bankruptcy Court erred when it granted HSBC's Motion.  Because this Panel finds that the automatic stay has terminated under 11 U.S.C. § 362(c), whether the Bankruptcy Court was correct in granting the Motion is immaterial and the sole issue is whether Debtor's appeal is moot.  *See BC Brickyard Assocs., Ltd. v. Ernst Home Ctr., Inc. (In re Ernst Home Ctr., Inc.)*, 221 B.R. 243, 247 (B.A.P. 9th Cir. 1998) ("Mootness is a jurisdictional issue which can be raised *sua sponte*[.]").  If so, there is no need to discuss the merits.  *See Mills v. Green*, 159 U.S. 651, 653, 16 S. Ct. 132, 133 (1895) ("The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.").

## III.    JURISDICTION & THE MOOTNESS DOCTRINE

The Bankruptcy Appellate Panel for the Sixth Circuit ("BAP") has jurisdiction to hear and decide appeals.  28 U.S.C. § 158(b).  A bankruptcy court's decision to lift the automatic stay pursuant to 11 U.S.C. § 362(d) is an appealable final order.  *In re Schaffrath*, 214 B.R. 153, 154 (B.A.P. 6th Cir. 1997) ("Grants and denials of motions for relief from the automatic stay are final, appealable orders.").  However, federal courts have "no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue."  *Cleveland Branch, NAACP v. City of Parma*, 263 F.3d 513, 530 (6th Cir. 2001) (citing *Church of Scientology v. United States*, 506 U.S. 9, 12, 113 S. Ct. 447, 449 (1992)).  "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S. Ct. 1379, 1383 (1979) (quotation marks and citation omitted).  *See also Chirco v. Gateway Oaks, L.L.C.*, 384 F.3d 307, 309 (6th Cir. 2004); *Gottfried v. Med. Planning Servs., Inc.*, 280 F.3d 684, 691 (6th Cir. 2002).

The mootness inquiry must be made at every stage of the litigation.  *Coal. for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004); *Gottfried*, 280 F.3d at 691.  If a case becomes moot pending appeal, the appeal must be dismissed because the

appellate court lacks the power to address the merits of the case. *See U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 21–22, 115 S. Ct. 386, 390 (1994); *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S. Ct 402, 404 (1971); *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986) ("Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief."). The mootness doctrine prevents unnecessary court rulings, narrows the role of federal judges, and saves the courts' "institutional capital" for cases that actually need to be decided. Erwin Chemerinsky, Federal Jurisdiction 139 (Rachel E. Barkow et al. eds., 7th ed. 2016) (citing *Firefighter's Local 1784 v. Stotts*, 467 U.S. 561, 596, 104 S. Ct. 2576, 2597 (1984) (Blackmun, J., dissenting)).

## IV.    DISCUSSION

The "automatic stay" is a powerful injunction that arises when a debtor has filed a petition for relief under the Bankruptcy Code. 11 U.S.C. § 362(a). The stay bars a wide range of actions against the debtor, the debtor's property, and property of the bankruptcy estate. *Id*. Temporal duration of the stay is controlled by § 362(c), which, by its terms, draws a distinction between the stay of an act against estate property and the stay of any other act against the debtor. That section provides in relevant part that the automatic stay of an act against property terminates when such property is no longer property of the estate and the automatic stay of any other act terminates when the debtor receives a Chapter 7 discharge. 11 U.S.C. § 362(c)(1) and (2)(C).

When Debtor filed her Chapter 7 bankruptcy petition on October 10, 2016, all assets, including the Property, became part of the bankruptcy estate. *See* 11 U.S.C. § 541(a)(1) (property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case."). However, on November 4, 2016, Debtor filed an amended Schedule C, claiming a homestead exemption for her interest in the Property. 11 U.S.C. § 522(b)(1) ("Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in paragraph (2) or, in the alternative, paragraph (3) of this subsection."). In the absence of an objection to the claim of exemption, property claimed as exempt ceases to be property of the bankruptcy estate 30 days after the meeting of creditors

under § 341(a) is concluded or 30 days after any amended Schedule C is filed, whichever occurs later. Fed. R. Bankr. P. 4003(a) and (b). Hence, after expiration of the period within which to object to Debtor's claimed exemption, Debtor's interest in the Property was no longer part of the bankruptcy estate. *See* 11 U.S.C. § 522(b)(1) and (l). Since the claimed exemption was greater than the scheduled value of the Property, this effectively removed the entirety of the Property from the bankruptcy estate. *Schwab v. Reilly*, 560 U.S. 770, 794–95, 130 S. Ct. 2652, 2669 (2010) (When the value of a debtor's interest in property is *greater* than the value of the exemption, the non-exempt value remains part of the bankruptcy estate). At that point, the automatic stay of actions by mortgagees against the Property terminated. *See* 11 U.S.C. § 362(c)(1). When Debtor received her Chapter 7 discharge on July 7, 2017, the automatic stay of all other actions against Debtor terminated. *See* 11 U.S.C. § 362(c)(2)(C). Thus, even if the Bankruptcy Court's decision was reversed, the outcome would be the same: the automatic stay still would not apply.[1] Therefore, this appeal is moot. Having determined Debtor's appeal is moot, the Panel will not discuss the merits of this case.

## V.    CONCLUSION

Because the automatic stay has terminated by operation of law, Debtor's appeal is moot. Accordingly, Debtor's appeal is hereby **DISMISSED FOR LACK OF JURISDICTION**.

---

[1]This Panel has dismissed appeals as moot in similar circumstances. *See*, *e.g.*, Order of Dismissal, *In re Jackson*, No. 14-8038, at *1–2 (B.A.P. 6th Cir. Nov. 19, 2014), ECF No. 14 (debtor's appeal of order granting relief from stay was moot because foreclosure already completed and debtor's redemption rights expired).