In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 22-1138

GREGORY A. RUGGLES,

*Plaintiff-Appellee,*

*v.*

JACQUELINE RUGGLES, Executor of the Estate of DONALD
RUGGLES,

*Defendant-Appellant.*

_____

Appeal from the United States District Court for the
Central District of Illinois.
No. 4:21-cv-04058 — **James E. Shadid**, *Judge.*

_____

ARGUED SEPTEMBER 13, 2022 — DECIDED SEPTEMBER 26, 2022

_____

Before FLAUM, BRENNAN, and SCUDDER, *Circuit Judges*.

SCUDDER, *Circuit Judge*. Article III of the Constitution limits federal courts to deciding live Cases or Controversies. When a dispute becomes moot—when the court can no longer provide relief to the plaintiff—the federal court loses its authority to proceed further. That happened here. Greg Ruggles was upset by actions taken by his father, Don Ruggles, with their family company, so he went to court to stop Don's

moves. But Don died while this dispute was on appeal, and his passing meant that Greg could no longer receive the relief he sought in this lawsuit. In these circumstances, we no longer have a Case or Controversy before us and have no choice but to order dismissal of the matter as moot.

**I**

For the last seven years Don and Greg Ruggles have been the only two shareholders of their family company, a closely held corporation called XPAC. Greg held all the nonvoting shares (totaling 99% of the company's stock), and Don held all the voting shares (the remaining 1%). Under the terms of Don's divorce agreement with Greg's late mother, Don could only transfer his voting shares to Greg (or to Greg's brother, but Greg bought the future interest in his brother's voting shares in 2015).

A corporate governance dispute arose last year after Don sought to increase his monthly salary by $10,000. Greg filed a motion in Illinois state court seeking a constructive trust over Don's shares and an injunction preventing Don from voting his shares in a way that would adversely affect XPAC's operations, including by increasing his own salary. Greg filed his motion in a long-dormant state court case that had started in 2002 with Don's divorce from Greg's mother.

That unusual procedural posture is what led to this appeal. Don removed the case to federal court, and Greg did not object. No one disputes that the basic requirements of federal diversity jurisdiction are met: the parties were diverse at the time of removal, with Don domiciled in Florida and Greg in Iowa, and the amount in controversy exceeds $75,000. Even so, the district court remanded the case to state court because

Don's removal to federal court came well over a year after the initial divorce lawsuit began back in 2002. See 28 U.S.C. § 1446(c)(1). Don appealed the district court's remand order, which brought the case before us.

But on April 9, 2022—in the middle of the briefing schedule in our court—Don died. This event is of legal consequence. Remember that Greg sought two forms of relief in the motion that led to this appeal: a constructive trust over Don's voting shares in XPAC and an injunction to stop Don from voting his shares in a way that would adversely affect XPAC or Greg's interest in the company. Don's death renders these two forms of relief meaningless—in a word, it makes them moot.

## II

The mootness doctrine implements Article III's Case or Controversy requirement by preventing federal courts from resolving questions that cannot affect the rights of the parties before them. See *North Carolina v. Rice*, 404 U.S. 244, 246 (1971); see also *Chafin v. Chafin*, 568 U.S. 165, 171–72 (2013). This Article III limitation is not a one-and-done hurdle to clear. Rather, the "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990); see also *Watkins v. United States Dist. Ct.*, 37 F.4th 453, 457 (7th Cir. 2022) ("If intervening circumstances deprive the plaintiff of a personal stake in the outcome, 'the action can no longer proceed and must be dismissed as moot.'" (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013))). When a question about mootness arises, federal courts have a constitutional obligation to address it—on our own if need be. See *Watkins*, 37 F.4th at 457.

A matter is moot if it becomes impossible for a federal court to provide "any effectual relief" to the plaintiff. *Mission Prod. Holdings, Inc. v. Tempnology, LLC*, 139 S. Ct. 1652, 1660 (2019) (quoting *Chafin*, 568 U.S. at 172). And neither of the two remedies that Greg sought in his motion—a constructive trust and injunctive relief—is "effectual relief" after Don's death.

It is easy to see why. The terms of Don's divorce agreement with Greg's mother require that Don transfer his XPAC shares to Greg and no one else. If Don's shares pass to Greg (under Don's will or otherwise), any need for a constructive trust evaporates; if Don has attempted to will the shares to someone else, the proper forum for challenging his will is in probate court in Florida, where Don lived at the time of his death. See Fla. Stat. § 733.101(1)(a). As for Greg's requested injunctive relief, there is no longer a need to enjoin Don from taking any action that might adversely affect XPAC. And "once the threat of the act sought to be enjoined dissipates, the suit must be dismissed as moot." *Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006).

Of course, the fact that these particular requests for relief are moot does not mean that all disputes between the parties disappear going forward. At oral argument the parties suggested that Greg is considering a suit for monetary damages from Don's estate. And given that Don's estate is currently in probate, further disagreements—perhaps in one way or another relating to Don's XPAC shares—might arise during the probate action. Any such disputes are not part of the matter before us, though, and only time will tell what disagreements (if any) will remain after Don's estate is probated. All we can and need say for certain today is that the present appeal is moot.

At oral argument we asked the parties whether Don's death mooted this appeal. With admirable candor, both sides answered yes—even as they observed that other legal proceedings may prove necessary if the parties prove unable to iron out other disputes between them. We thank both parties for their forthrightness.

For these reasons, we VACATE and REMAND with instructions to dismiss this matter as moot.