In the

# United States Court of Appeals
## for the Seventh Circuit

———————————

No. 24-1900

CHURCH MUTUAL INSURANCE COMPANY, now known as
CHURCH MUTUAL INSURANCE COMPANY, S.I.,

*Plaintiff-Appellant,*

*v.*

FRONTIER MANAGEMENT, LLC, WELLTOWER TENANT GROUP,
LLC, d/b/a THE AUBERGE AT ORCHARD PARK, and CHARLES
NEDOSS, Independent Executor of the Estate of Bertrand Ne-
doss, Deceased,

*Defendants-Appellees.*

———————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 23 C 0164 — **Harry D. Leinenweber**, *Judge.*

———————————

ARGUED NOVEMBER 12, 2024 — DECIDED JANUARY 2, 2025

———————————

Before SYKES, *Chief Judge*, and BRENNAN and ST. EVE, *Circuit Judges.*

SYKES, *Chief Judge*. In January 2021, 87-year-old Bertrand
Nedoss wandered out of his care facility in suburban Chicago,
developed hypothermia, and died of cardiac arrest. His estate

filed suit in state court raising negligence and wrongful-death claims against Welltower Tenant Group, the facility's owner, and Frontier Management, LLC, its operator.

Welltower and Frontier were insured under a "claims made" policy issued by Church Mutual Insurance Company. As the name implies, this type of insurance covers claims made against the insured during the policy period. The Church Mutual policy was effective from July 1, 2020, through July 1, 2021. The estate filed suit in October 2021, more than three months after the policy expired. But nine days after Bertrand's death—*within* the policy period—an attorney for the Nedoss family sent written notice that his firm had been retained in connection with "personal injuries and related malpractice" at the care facility. The letter claimed an attorney's lien and demanded that evidence be preserved. Coverage turned on whether the attorney's letter qualified as a "claim" under the policy.

Church Mutual denied coverage but provided a defense while reserving the right to have a court determine its policy obligations. It then filed this suit seeking a declaratory judgment that it owed no duty to defend or indemnify Welltower and Frontier. The district court entered partial summary judgment for Welltower and Frontier, ruling that the attorney's letter was a claim under the policy. That triggered the insurer's duty to defend. The judge stayed the rest of the federal case pending the outcome of the state lawsuit.

Church Mutual appealed the stay order and also asks us to review and reverse the partial summary judgment. On the eve of oral argument, however, Welltower and Frontier settled with the estate and the state-court case was dismissed.

That development moots this appeal. The stay order was the only possible basis for appellate jurisdiction; the partial summary judgment is not a final order. Though the coverage dispute is ongoing, the dispute over the judge's stay order evaporated with the dismissal of the state case. We therefore dismiss the appeal as moot.

## I. Background

The Auberge at Orchard Park is an assisted-living facility in Morton Grove, Illinois, owned by Welltower and operated by Frontier. Bertrand Nedoss, age 87, was a resident. Early in the morning on January 5, 2021, Nedoss wandered away from the facility. More than two hours after he went missing, staff found him on the garage ramp of the building next door. It was 32 degrees outside. Nedoss was hospitalized and treated for hypothermia, but he died of cardiac arrest that afternoon.

Welltower and Frontier were insured by Church Mutual under primary and umbrella policies providing defense and indemnity coverage on a claims-made basis from July 1, 2020, to July 1, 2021. The primary policy had a $1 million limit and covered claims "first made … during the policy period." The term "claim" as defined in the policy is a "suit or demand made by or for the injured person for monetary damages." The umbrella policy provided $5 million of excess coverage for claims covered by the primary policy.

On January 14, 2021—nine days after Bertrand's death—a lawyer for the Nedoss family sent a letter to the care facility's legal department giving notice of his retention for "personal injuries and related malpractice sustained at the Auberge." The letter claimed an attorney's lien under Illinois law and instructed the Auberge to preserve evidence.

Ten months later, on October 15, 2021, Charles Nedoss, the executor of Bertrand's estate, filed suit in Illinois state court raising claims of negligence and wrongful death against Welltower and Frontier arising from Bertrand's walkaway and death. By then the Church Mutual policy had expired. But the January 14 letter from the Nedoss family's lawyer was within the policy period, so Welltower and Frontier tendered the suit to Church Mutual. The insurer denied coverage but agreed to provide a defense until a court could determine its obligations under the policy.

This federal coverage suit followed. Church Mutual sued Welltower and Frontier under the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a declaration that it owed no duty to defend or indemnify in connection with the estate's lawsuit. The insurer argued that the January 14 letter from the Nedoss family's attorney was not a claim as defined in the policy. Welltower and Frontier counterclaimed for declaratory judgment, breach of contract, and breach of the implied covenant of good faith and fair dealing.

The federal coverage suit was assigned to District Judge Harry Leinenweber. Ruling on cross-motions for summary judgment, he concluded that the attorney's letter qualified as a claim under the policy. The judge accordingly entered partial summary judgment for Welltower and Frontier, triggering Church Mutual's duty to defend its insureds in the underlying state lawsuit. What remained for decision in the federal litigation were issues concerning the extent of the insurer's indemnification obligation and its liability on the counterclaims for breach of contract and the duty of good faith and fair dealing. Welltower and Frontier moved to stay

the rest of the federal case pending the resolution of the estate's case in state court.

Soon after the stay motion was filed, Welltower and Frontier admitted liability in the state-court litigation, leaving only damages for trial. At a hearing on the stay motion a few weeks later, Church Mutual opposed a stay. Judge Leinenweber disagreed, reasoning that it made good sense to stay the federal case until the conclusion of the state-court trial, which would determine whether damages exceeded the limits of the Church Mutual policies. He stayed the case "until further order" of the court.

Church Mutual appealed the stay order. And although the partial summary judgment is a nonfinal order, Church Mutual asks us to review that ruling as well.

## II. Discussion

We begin with several developments that have occurred since this appeal was filed, some of which affect jurisdiction. After the parties filed their opening and response briefs, we noted a potential defect in subject matter jurisdiction—namely, the record lacks complete information about the parties' citizenship for purposes of evaluating diversity jurisdiction. Specifically, Welltower and Frontier—both LLCs—had not complied with their obligation under Circuit Rule 28 to provide complete information about the citizenship of their members in the jurisdictional statement in their brief. 7TH CIR. R. 28(a), (b). We ordered them to submit an amended jurisdictional statement.

They complied—but only partially. Their amended jurisdictional statement disclosed some additional information about the citizenship of their members. But their attorney

explained that the information remained incomplete because contractual confidentiality obligations to unit holders inhibited her ability to learn and disclose their identities.

Then, two weeks before the scheduled date for oral argument, the parties notified us that Welltower and Frontier had settled with the Nedoss estate. A few days later, the state-court judge approved the settlement and dismissed the estate's case. The parties sent us notice of the dismissal order just one business day before the argument date, so we proceeded with oral argument as planned.

There is one more notable development, though it has no effect on jurisdiction. On June 11, 2024—before the parties filed their appellate briefs—Judge Leinenweber died. The case was reassigned to District Judge Manish Shah.

So as the case came to us and has shifted on appeal, it presents a tangle of jurisdictional issues. Church Mutual appealed the stay order, but it has also asked us to review the partial summary judgment on the key coverage question. Both orders are interlocutory; the case remains unfinished below, which ordinarily precludes appellate jurisdiction. Church Mutual's argument for immediate review proceeds in two steps: first, it argues that the stay is a form of abstention and thus is immediately appealable as a final order under 28 U.S.C. § 1291; second, the insurer argues that the partial summary judgment is immediately reviewable because it is encompassed within the final stay order or because it qualifies for review under the doctrine of pendent appellate jurisdiction.

There's no need to decide if Church Mutual is right about appellate jurisdiction. Nor is it necessary to wrestle with the

complexities that surfaced on appeal regarding subject matter jurisdiction. The dismissal of the underlying state-court case moots this appeal. And "we can address jurisdictional issues in any order we choose." *Acheson Hotels, LLC v. Laufer*, 601 U.S. 1, 4 (2023).

"Article III of the Constitution limits federal courts to deciding live Cases or Controversies." *Ruggles v. Ruggles*, 49 F.4th 1097, 1098 (7th Cir. 2022). "The mootness doctrine implements Article III's Case or Controversy requirement by preventing federal courts from resolving questions that cannot affect the rights of the parties before them." *Id.* at 1099. An appeal becomes moot if an intervening event precludes any effectual relief in favor of the appellant. *Finch v. Treto*, 82 F.4th 572, 578 (7th Cir. 2023); *see also Orion Sales, Inc. v. Emerson Radio Corp.*, 148 F.3d 840, 843 (7th Cir. 1998) ("[T]he case itself has not become moot, only the preliminary injunction under appeal has … .").

For example, an appeal of a preliminary injunction becomes moot when the injunction expires or the event in question occurs. *See, e.g.*, *Finch*, 82 F.4th at 578; *Gjertsen v. Bd. of Election Comm'rs of City of Chi.*, 751 F.2d 199, 202 (7th Cir. 1984) (dismissing as moot an appeal from a preliminary injunction regarding an election because the election had already been held). An appellate ruling regarding an expired preliminary injunction is purely advisory; the same is true when the injunction concerned an event that has already occurred. In either case, the appellate court cannot provide any meaningful relief. So too for a stay whose only justification has passed.

Here the reason for the stay no longer exists, and nothing we might say about it would benefit Church Mutual. Judge Leinenweber stayed this case to await the determination of

damages in the state-court case. The settlement accomplished that, removing the only justification for the stay and mooting this appeal. *Cf. Lindstrom v. Graber*, 203 F.3d 470, 474 (7th Cir. 2000) (dismissing as moot an emergency stay of extradition because the appellant had been extradited); *see also Meierhenry Sargent LLP v. Williams*, 992 F.3d 661, 664 (8th Cir. 2021) (per curiam) ("With the conditions underlying the stay having now passed, there is no relief for us to order, making it the paradigm of a moot issue." (internal quotation omitted))). Whatever we might decide about the propriety of the stay ruling is irrelevant now that the state case is over.

Church Mutual resists this conclusion, arguing that Judge Leinenweber's stay order did not automatically terminate with the dismissal of the state lawsuit but rather remains in effect "until further order." It also observes that Judge Shah cannot lift the stay while the appeal is pending. True, but irrelevant. Judge Shah can dissolve the stay once we dismiss the appeal as moot. Church Mutual has offered no reason to think that he would leave the stay in place. Indeed, the insurer's counsel acknowledged at oral argument that there is no conceivable basis for doing so.

Finally, Church Mutual argues that it would be more efficient to proceed directly to an appellate ruling on the key coverage question now rather than waiting for final judgment. But efficiency cannot trump the requirements of Article III. Though the coverage dispute remains live, the dismissal of the state-court case moots this appeal.

DISMISSED